# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

JIMMIE McCOY, III,

      **Plaintiff,**

v.

                                     **Case No. 23-CV-404-RAW-DES**

B. SIPES, et al.,

      **Defendants.**

## OPINION AND ORDER

Plaintiff Jimmie McCoy, III ("McCoy"), appearing *pro se* and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 11. Before the court are Defendants Sipes, Musile, Miller and Lysinger's Motion to Dismiss (Dkt. 24) and Defendant Holland's Motion to Dismiss (Dkt. 26). McCoy did not file a response. After careful review, the Court finds that Defendants Sipes, Musile, Miller and Lysinger's Motion (Dkt. 24) is **granted in part** and **denied in part** and Defendant Holland's Motion (Dkt. 26) is **granted**.

## BACKGROUND

McCoy is a prisoner currently incarcerated at the Oklahoma State Penitentiary. McCoy filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations while he was incarcerated at Allen Gamble Correctional Center ("AGCC") in Holdenville, Oklahoma. Dkt. 11 at 5-6.[1] McCoy presents four claims:

1. Staff LT Earnest and unit manager Sipes forced a hood inmate in my cell to assault me then sent me to seg[.] knowing I was X-Hoover on September 15, 2023.

2. On October 16, 2023, C.O. Musile assaulted me time and time again thinking

---

[1] Defendants represent the Oklahoma Department of Corrections began operating AGCC on October 1, 2023. Dkt. 23 at 3. Prior to that, AGCC was owned and operated by CoreCivic, a private entity, named Davis Correctional Facility. *Id.*

because he is a correctional officer that it is ok to abuse inmate at his own will. I've wrote RTS after RTS on this abuse.

3. Between September 15, 2023 and October 16, 2023, cam[e]ras and medical history will show me being going and coming from medical with injuries but Mr. S Lysinger wrote a false report saying I refused medical and that I was never harmed nor was I patched up from staff assault.

4. From January 10, 2023 to September 15, 2023, RTSs will show I have repeatedly informed Mr. Miller of the abuse and harassment his staff have been doing to me as well as stolen money and the den[ial] of my religion that occurs here in his prison.

Dkt. 11 at 5-6.[2,3]

Defendants responded to the Amended Complaint with the filing of a Special Report (Dkt. 23) and the above-mentioned Motions to Dismiss (Dkts. 24 and 26). The Defendants moved to dismiss McCoy's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing McCoy failed to properly exhaust his administrative remedies, he failed to state a deliberate indifference claim, his claims arising prior to October 1, 2023, fail and the Defendants are entitled to qualified immunity. *See* Dkts. 24 and 26. The court will now address McCoy's allegations and the Defendants' Motions.

## ANALYSIS

### I.      Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-

---

[2] The court's citations refer to the CM/ECF header pagination.

[3] McCoy does not allege he is suing any of the Defendants in their official capacities. *See* Dkt. 11. McCoy does not identify any municipal policy or custom either. *See id.; see also Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006). Therefore, to the extent McCoy intended to sue the Defendants in their official capacities, these claims are dismissed for failing to state a claim upon which relief may be granted.

pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). When determining whether to grant a motion to dismiss, the district court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Jojola v. Chaves,* 55 F.3d 488, 494 (10th Cir. 1995). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201 (internal quotations and citations omitted).

A request for dismissal pursuant to Rule 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*[4]

---

[4] "[A] district court may not grant a motion to dismiss for failure to state a claim merely because

## II.        The Special Report

Defendants lead with the contention that McCoy failed to properly exhaust his administrative remedies to pursue the instant claims, and the Defendants rely upon their Special Report.  *See* Dkts. 23, 24 and 26.  Critically, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained, "[c]ourts may use a *Martinez* Report[5] to clarify the complaint's factual allegations and assess their frivolity."  *Martin v. Schnurr*, Case No. 26-3005, 2026 WL 1194984, at *4 (10th Cir. May 1, 2026) (unpublished).[6]  "A *Martinez* Report may not be used, however, to resolve a bona fide factual dispute, or to determine whether a complaint states a plausible claim for relief."  *Id.* (internal quotations and citations omitted).  "[U]nless the court uses a *Martinez* Report to determine whether a complaint is frivolous, it may consider the Report only to determine whether to enter summary judgment."  *Id.*

Here, Defendants rely on the Special Report to support their contention that McCoy did not state a plausible claim for relief.  *See e.g.,* Dkt. 24 at 4-8 (Arguing McCoy did not exhaust his claims and citing to the Special Report); *see also id.* at 9-10 (Arguing McCoy did not state a deliberate indifference claim and stating, "Plaintiff's medical records show …" and citing to the Special Report.).  Such reliance on the Special Report at the Rule 12(b)(6) stage is unwarranted.

---

a party failed to file a response."  *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotations and citations omitted).  "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."  *Id.* at 1178.  Accordingly, the court will review the sufficiency of McCoy's Amended Complaint despite his lack of response.

[5]  "A *Martinez* Report is an investigative report meant to enable the trial court to decide … jurisdictional issues and make a determination of frivolity by helping the court determine which facts alleged in the complaint are relevant, accurate, and subject to bona fide dispute."  *Martin v. Schnurr*, Case No. 26-3005, 2026 WL 1194984, at *1 (10th Cir. May 1, 2026) (internal quotations and citations omitted).

[6]  The court cites all unpublished decisions herein as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

4

The Court cannot resolve Defendants' exhaustion argument and other contentions without reviewing the Special Report and its attachments. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010). Accordingly, the court declines the Defendants' invitation to weigh potential evidence at the Rule 12(b)(6) juncture.

Nor have the Defendants filed, in the alternative, a motion for summary judgment. Therefore, the court declines to convert the Defendants' Motions to summary judgment motions for them. In all, the court will not consider the Special Report in its analysis of the Defendants' Motions and the sufficiency of McCoy's Amended Complaint.

## III.       Defendant Holland

The court first addresses McCoy's allegations against David Holland, Chaplain. Dkt. No. 11 at 4. Holland contends the claims against him fail because they arose prior to October 1, 2023, and he is entitled to qualified immunity. *See* Dkt. 26 at 8-11. However, the court need not address these contentions because a review of the Amended Complaint reveals McCoy has not stated a claim upon which relief may be granted against Holland. 28 U.S.C. § 1915(e)(2)(B)(ii).[7]

To state a viable § 1983 claim, "it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants[.]" *Pahls v. Thomas*, 718 F. 3d 1210, 1226 (10th Cir. 2013)

---

[7] Because this court granted McCoy leave to proceed *in forma pauperis* (Dkt. 3), this court has a continuing obligation to dismiss this action "at any time" if the complaint —"(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Furthermore, the court determines dismissal of this claim pursuant to § 1915(e)(2)(B), and the others noted below, is appropriate because McCoy was on notice, by way of the pending Motions (Dkts. 24 and 26), that his claims were at risk of dismissal and he was already provided one opportunity to amend his complaint. *See* Dkts. 4 and 11. Based on McCoy's continued failure to state a claim upon which relief could be granted, the court determines it is obvious McCoy cannot prevail on the facts he has alleged and an additional opportunity to amend would be futile.

(emphasis in original) (internal quotations and citations omitted).  A complaint must make clear "exactly *who* is to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him[.]" *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  Here, beyond naming Holland as a defendant (Dkt. 11 at 4), McCoy does not identify any specific action taken by Holland.  *See id*. at 5-6.  Accordingly, McCoy's claims against Holland are dismissed without prejudice for failing to state a claim upon which relief may be granted.[8]

## IV.    Defendant Sipes

McCoy's claim against Sipes alleges that on September 15, 2023, Sipes "forced a hood inmate into my cell to assault me then sent me to seg[.] knowing I was x-Hoover." Dkt. 11 at 5. Sipes contends this claim fails because this claim

> arose prior to the existence of the Allen Gamble Correctional Center, which was not opened until October 1, 2023.  Prior to the opening of AGCC on October 1, 2023, Plaintiff was housed at the Davis Correctional Facility, which was operated by a private prison contractor.  Although both AGCC and DCF occupied the same space, the Defendants were not state employees at AGCC prior to October 1, 2023, contrary to the allegations in the Amended Complaint.

Dkt. 24 at 11.  However, a request for dismissal pursuant to Rule 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The court must also accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to McCoy. *Dubbs*, 336 F.3d at 1201.  Reviewing only the allegations in the Amended Complaint and construing them in McCoy's favor, the court cannot conclude the claims are barred as Sipes suggests.  From the face

---

[8] Since the court concludes McCoy failed to state a valid claim against Holland, the court will not address Holland's qualified immunity defense.  Dkt. 26 at 9-11; *see also Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995).

of the Amended Complaint, it is unclear if Sipes was previously a correctional officer for CoreCivic at Davis Correctional Facility or if he or she was a new employee at AGCC as of October 1, 2023. Therefore, the court rejects Sipes' argument, at this stage of the proceedings.

An Eighth Amendment claim for failure to protect is comprised of two elements. *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). First, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Second, the inmate must establish that the prison official has a sufficiently culpable state of mind, *i.e.,* that he or she is deliberately indifferent to the inmate's health or safety." *Riddle*, 83 F.3d at 1204 (internal quotations and citations omitted). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (internal quotations and citations omitted).

Here, exercising liberal interpretation of McCoy's allegations and construing the allegations in his favor, the court concludes McCoy has stated a viable claim against Sipes. McCoy alleges Sipes, knowing McCoy's former gang affiliation, placed an inmate in McCoy's cell to purposefully facilitate an assault. McCoy sufficiently alleged a culpable state of mind and a condition which poses a substantial risk of serious harm.[9]

Sipes also contends he is entitled to qualified immunity. Dkt. 11 at 12-14. The Tenth Circuit provides the following guidance concerning a qualified immunity defense at the motion to dismiss stage:

> [T]o survive a motion to dismiss based on qualified immunity, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

But to trigger the plaintiff's two-part burden, a defendant must first "adequately

---

[9] Sipes is welcome to re-urge this position at the summary judgment stage.

present" the qualified-immunity defense. *Tillmon v. Douglas County*, 817 F. App'x 586, 589 (10th Cir. 2020); *see Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980) (holding that "the burden of pleading" a qualified-immunity defense "rests with the defendant"). And to adequately present the defense, the defendant must not only explicitly raise it, *see Montoya v. Vigil*, 898 F.3d 1056, 1063–64 (10th Cir. 2018), but must also plead the defense beyond a "perfunctory assertion," *Tillmon*, 817 F. App'x at 590. Accordingly, where a defendant makes only a bare assertion of qualified immunity, the plaintiff bears no burden to satisfy the ordinary two-prong test. *See id.*; *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021) (holding that a defendant's "qualified-immunity argument was underdeveloped" where it "contain[ed] mostly general legal statements and empty platitudes").

*Berryman v. Niceta*, 143 F.4th 1134, 1140-41 (10th Cir. 2025). Here, all Sipes offers is, "Plaintiff can't meet his burden of establishing that Defendants' conduct was in any way unconstitutional or that the law was clearly established that Defendants' conduct was unconstitutional. Defendants are therefore entitled to qualified immunity." Dkt. 11 at 14.

This argument falls short of adequately presenting a qualified immunity defense. Sipes has only made a bare assertion of qualified immunity rendering McCoy without any obligation to satisfy the two-prong test at this juncture. For these reasons, the court declines to grant Sipes' Motion based on qualified immunity.

## V.    Defendant Musile

Concerning Musile, McCoy alleges, "Musile has assaulted me time and time again[.]" Dkt. 11 at 5. The court understands McCoy to be presenting an excessive force claim. Beyond arguing McCoy's claims are unexhausted, Musile did not explicitly address this claim. *See* Dkt. 24.[10] Nevertheless, pursuant to the court's screening obligations, the court will address this claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

"Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks

---

[10] The court has already rejected Defendants' exhaustion argument at this stage of the proceedings. *See supra.*

8

if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (internal quotation marks and brackets omitted). "The subjective element of an excessive force claim turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (internal quotation marks omitted). An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). As the *Hudson* Court made clear, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (internal quotation marks omitted). Thus, even if a use of force is deemed unnecessary after the fact, if it was both de minimus and "not of a sort repugnant to the conscience of mankind," it will not sustain an excessive-force claim. *Id.* at 10 (internal quotation marks omitted).

Here, liberally construing the Amended Complaint, McCoy has sufficiently alleged the subjective prong. He alleges Musile assaulted him "again and again" seemingly without a proper basis for doing so. However, McCoy fails to include sufficient allegations to allow the court to draw the reasonable inference that Musile's conduct was objectively harmful enough to establish a constitutional violation. McCoy does not provide any factual allegations outlining the nature of the assault or his purported injuries. Therefore, the court concludes McCoy's claim for excessive force against Musile is dismissed without prejudice for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[11]

---

[11] Since the court concludes McCoy failed to state a valid claim against Musile for excessive force, the court will not address Musile's qualified immunity defense. Dkt. 24 at 12-14; *see also Moore*, 57 F.3d at 931.

## VI.    Defendant Lysinger

Concerning his third claim, McCoy alleges between September 15, 2023, and October 16, 2023, he went to "medical with injuries but [] Lysinger wrote a false report saying I refused medical and that I was never harmed[.]" Dkt. 11 at 6. The court understands McCoy's allegations as presenting a deliberate indifference to medical needs claim. Lysinger contends, McCoy's "medical records show that he was treated for abrasions and denied any serious injuries on October 16, 2023, following the incident. Doc. 23-5, pages 41-43." Dkt. 24 at 9-10. Lysinger continues, "[t]o the extent [McCoy] feels he needed more extensive treatment, his differing opinion as to the diagnosis and course of treatment Defendants chose for him are insufficient to support a claim for an Eighth Amendment violation." *Id.* at 10. Lysinger also contends this claim is barred to the extent it concerns events prior to October 1, 2023.[12]

To state a plausible Eighth Amendment violation based on the failure to provide medical care, a plaintiff must allege facts evidencing "deliberate indifference to [his] serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To satisfy the deliberate-indifference standard, a plaintiff must plausibly allege (1) a harm that was objectively "sufficiently serious," *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006), and (2) that the defendant subjectively "kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety[.]" *Farmer*, 511 U.S. at 837. Importantly, "the Eighth Amendment protects inmates from the infliction of punishment— it does not give rise to claims sounding in negligence or medical malpractice." *Sherman v. Klenke*, 653 F. App'x 580, 586 (10th Cir. 2016)[13] (internal quotations and citations omitted). "Indeed,

___

[12] The court already rejected this argument as it relates to Sipes. *See supra*. The same analysis applies here.

[13] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

even if a prison official's actions fell below a reasonable standard of care, the negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Id.* at 587 (internal quotations and citations omitted).

First, as noted above, the court cannot consider McCoy's medical records to adjudicate the Defendants' Rule 12(b)(6) Motion. The court is constrained to the allegations within the Amended Complaint. Nevertheless, McCoy has failed to allege sufficient facts to establish both prongs. McCoy vaguely alleges he had "injuries" but does not elaborate regarding the type or extent of his injuries. *See* Dkt. 11 at 6. Therefore, the court cannot draw the reasonable inference that McCoy's alleged harm was sufficiently serious, and McCoy has failed to state a claim for deliberate indifference against Lysinger. Therefore, this claim is dismissed without prejudice.[14]

## VII.   Defendant Miller

For his final claim, McCoy alleges from January 1, 2023, until September 15, 2023, "RTSs will show I have repeatedly informed Mr. Miller of the abuse and harassment his staff have been doing to me as well as stolen money and the denial of my religion that occurs here in his prison." Dkt. 11 at 6. The court understands McCoy to be asserting a supervisory liability claim against Miller. Beyond contending this claim fails because it arose prior to October 1, 2023, Miller does not specifically address the fourth claim. *See* Dkt. 24 at 11. As noted above, concerning Sipes, at the pleading stage, the court cannot conclude McCoy's claims are barred due to the change of ownership and operation of the facility where McCoy was incarcerated. *See supra*. Pursuant to the court's screening obligations, the court will address this claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

"[T]he three elements required to establish a successful § 1983 claim against a defendant

---

[14] Since the court concludes McCoy failed to state a valid claim against Lysinger for deliberate indifference, the court will not address Lysinger's qualified immunity defense. Dkt. 24 at 12-13; *see also Moore*, 57 F.3d at 931.

based on his or her supervisory responsibilities [are]: (1) personal involvement[,] (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013); *see also Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  First, concerning McCoy's claims against Holland, Musile and Lysinger, the court concluded McCoy failed to allege an underlying constitutional violation against these three Defendants.  Therefore, because McCoy's claims for the underlying violations have been dismissed, his claims against Miller stemming from Holland, Musile and/or Lysinger's conduct likewise must be dismissed.  *See Martinez v. Beggs*, 563 F.3d 1082, 1092 (10th Cir. 2009) (noting a lack of supervisory liability "when there was no violation of [the plaintiff's] constitutional rights[.]").

Second, concerning McCoy's claim against Sipes, McCoy fails to allege sufficient causation.  McCoy must show Miller "set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights."  *Dodds,* 614 F.3d at 1185 (quoting *Poolaw v. Marcantel,* 565 F.3d 721, 732–33 (10th Cir. 2009)); *see also Starr v. Baca,* 652 F.3d 1202, 1218 (9th Cir. 2011) ("The requisite causal connection can be established [ ] by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." (internal quotation marks omitted)), *cert. denied*, 566 U.S. 982 (2012).  McCoy does not allege any specific action Miller took that set in motion the series of events that led to the purported constitutional violation by Sipes.  Therefore, to the extent McCoy asserts a supervisory liability claim against Miller based on Sipes' conduct, this claim is also dismissed without prejudice for failing to state a claim upon which relief may be granted.[15]

---

[15] Since the court concludes McCoy failed to state a valid claim against Miller for supervisory liability, the court will not address Miller's qualified immunity defense. Dkt. 24 at 12-14; *see also Moore*, 57 F.3d at 931.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. 24) is **granted in part** and **denied in part**, and Defendant Holland's Motion to Dismiss (Dkt. 26) is **granted**.

**IT IS THEREFORE ORDERED** that Defendants Sipes, Musile, Miller and Lysinger's Motion to Dismiss (Dkt. 24) is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that Defendant Holland's Motion to Dismiss (Dkt. 26) is **granted**.

**IT IS FURTHER ORDERED** that McCoy **may proceed** on his failure to protect claim against Defendant Sipes.

**IT IS FURTHER ORDERED** that the Amended Complaint is **dismissed, in part,** as follows: (1) all claims against Defendant Holland; (2) the excessive force claim against Defendant Musile; (3) the deliberate indifference claim against Defendant Lysinger; (4) the supervisory liability claim against Defendant Miller; and (5) all official capacity claims.

**IT IS FURTHER ORDERED** that Defendant Sipes shall file his or her answer to McCoy's Amended Complaint within fourteen days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** the following party Defendants: Holland, Musile, Lysinger and Miller.

**DATED** this 3rd day of August, 2026.

_____
RONALD A. WHITE
United States Senior District Judge

13